## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
CASE NO. 21-CR-20303-DPG

UNITED STATES OF AMERICA,

v.

JESUS TRUJILLO *et al.*,

      Defendants.

_____/

### ORDER DENYING MOTION *IN LIMINE* TO EXCLUDE SUMMARY EVIDENCE

THIS MATTER is before the Court on Defendant Jesus Trujillo's Motion *in Limine* and Response in Opposition to the Government's Notice of Intention to Utilize Summary Evidence [DE 181], which Defendants Didier Arcia[1] and Alexey Gil moved to adopt [DE 192, 194]. The Motion seeks to exclude two of the Government's 73 pages of summary evidence detailing deposits into Defendants' personal bank accounts on grounds that the charts are irrelevant, impermissibly shift the burden of proof to Defendants, and do not comply with Federal Rule of Evidence 1006. DE 181 at 1. The Government argues that the charts are relevant to motive, and comply with Rule 1006, and that Defendants' issues with their use are best reserved for cross-examination. DE 196 at 7, 11. The Court has considered the Motion [DE 181], the Government's Response [DE 196], the record, and is fully informed. Because the charts are relevant to motive, do not shift the burden of proof, and are permitted under Rule 1006, the Motion is DENIED.

---

[1] The Motion as to Defendant Didier Arcia is moot after his guilty plea on April 17, 2023. DE 206.

I.   BACKGROUND

Defendants Jesus Trujillo, Alexey Gil, and Didier Arcia (collectively, "Defendants"), along with four other individuals, were indicted in May 2021 on charges of conspiracy to commit health care fraud and wire fraud (18 U.S.C. § 1349) and conspiracy to commit money laundering (18 U.S.C. § 1956(h)). DE 1 at 5, 8. The Government alleged that Defendants, along with their co-conspirators, purchased home health agencies ("HHAs") in Michigan, and enrolled the HHAs in Medicare under the name of nominee owners who were paid to appear as the owners on paper. *Id.* at 7. Defendants and their co-conspirators then purportedly submitted fraudulent claims to Medicare for services that were never provided. *Id.* Medicare allegedly paid the HHAs more than $53 million for these claims. *Id.* The conspiracy allegedly took place from around October 2016 through around May 2019. *Id.* at 5, 8.

During trial, the Government intends to admit evidence through fact witnesses of Medicare deposits moved via layers of shell companies that were then converted to cash. DE 196 at 4. Alleged co-conspirators will testify this was the nature of the scheme. *Id.* The Government will introduce the underlying voluminous financial records as business records and present the key transactions to the jury through the testimony of a financial analyst. *Id.* at 3. The financial analyst created charts purportedly showing deposits into Defendants' bank accounts during the relevant period. *Id.* The first summary chart details the financial institution, account number, beneficiary, date when the account was opened, and period during which the accounts were analyzed. DE 181 at 12-13; DE 196 at 5. The second chart is a graph

of the deposits by month, separated by color-coding for different types of deposits.  DE 196 at 5.  Defendants will have the opportunity to cross-examine the analyst.  *Id.* at 12.

## II.   LEGAL STANDARD

Evidence of wealth is admissible when relevant to issues in the case and where other evidence supports a finding of guilt.  *United States v. Bradley*, 644 F.3d 1213, 1271 (11th Cir. 2011) (citing *United States v. White*, 589 F.2d 1283, 1286 n. 7 (5th Cir.1979) ("Where there is other evidence of the guilt of the accused and the crime is of such a nature that the acquisition of money may be regarded as a natural or ordinary result of its perpetration, evidence is admissible of the sudden acquisition of money by the defendant ... at or subsequent to the time the offense was committed, although the source of the money is not definitely traced or identified by the prosecution."))[2]

The Court's discretion to exclude evidence under Rule 403[3] is limited, as exclusion requires the showing that the danger of unfair prejudice to substantially outweighs the evidence's probative value.  Fed. R. Evid. 403.  For that reason, the Eleventh Circuit has cautioned that the balance should be struck in favor of admissibility because exclusion under Rule 403 is a drastic remedy.  *Bradley*, 644 F.3d at 1272 (citation and internal quotation marks omitted).  A court's determination

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit handed down prior to October 1, 1981.

[3] "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

of whether wealth evidence is relevant under Federal Rule of Evidence 401[4] and whether its probative value is substantially outweighed by its unfair prejudice under Rule 403 must turn on the specific facts of the case. *United States v. Amor*, 2015 WL 6438479, at *2 (S.D. Fla. Oct. 23, 2015) (Lenard, J.), *aff'd sub nom. United States v. Mincey*, 800 F. App'x. 714 (11th Cir. 2020).

Whether to allow summary evidence lies within the discretion of the district court. *United States v. Richardson*, 233 F.3d 1285, 1293 (11th Cir. 2000). Summary charts are generally permitted by Rule 1006[5] but due to their potential for abuse, they are admitted only when any assumptions they make are supported by evidence in the record. *United States v. Maurya*, 25 F.4th 829, 840 (11th Cir. 2022); *Richardson*, 233 F.3d at 1293-94. Admitting a summary chart also requires the court to make clear that the jury is the ultimate decision-maker as to the weight of that evidence. 233 F.3d at 1294.

## III.   ANALYSIS

The Motion [DE 181] must be denied because the summary charts: a) are relevant to Defendants' motive for entering the alleged healthcare fraud and money laundering conspiracies, b) their introduction would not impermissibly shift the burden of proof; and c) they comply with Rule 1006.

---

[4] "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.
[5] "The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court." Fed. R. Evid. 1006.

a) <u>The charts are relevant to establishing motive.</u>

Money is at the heart of this type of healthcare fraud and money laundering conspiracies. The charts are just two of numerous charts demonstrating the movement of funds through layers of shell companies with nominal owners. Defendants' failure to object to the other 71 pages of evidence reflects their recognition that they are relevant in this healthcare fraud and money laundering conspiracy case. The two charts that Defendants do object to are relevant to establishing Defendants' motive for engaging in the alleged conspiracies. It is anticipated that there will be government evidence showing that these deposits exceeded legitimate income and that there was an unusual pattern of banking activity.

Defendants' potential receipt of fraud proceeds in their bank accounts would aid in proving or disproving Defendants' motive for involvement in the conspiracy. *Amor*, 2015 WL 6438479, at *2. Indeed, courts in the Eleventh Circuit have frequently found that such wealth evidence may be admissible to establish motive. *See, e.g.*, *United States v. Hope*, 608 F. App'x. 831, 838-39 (11th Cir. 2015) (finding wealth evidence in healthcare fraud and money laundering case to be relevant to motive); *Bradley*, 644 F.3d at 1271-72 (finding wealth evidence in Medicaid fraud case to be probative of motive); *Amor*, 2015 WL 6438479, at *2 (finding information as to defendant's financial state admissible to establish motive).

b) <u>The charts' introduction would not shift the burden of proof.</u>

Defendants also argue that admitting the charts would impermissibly shift the

5

burden of proof to Defendants.  They are incorrect.

Specifically, Defendants take issue with the Government not tracing the deposits to the alleged illegal activity.  According to Defendants, "the government hopes to show that deposits were made and, through clever conjecture and speculation, allow the jury to take an inferential leap of faith, leading the jury to the conclusion that the deposits were made in connection to the health care fraud."  DE 181 at 7. Defendants maintain that this "inferential leap of faith" constitutes burden-shifting. *Id.*

However, to obtain a conviction under 18 U.S.C. § 1956(a)(1)(B)(i), the provision for concealment money laundering which Defendants allegedly conspired to violate, the government need not trace the origin of each dollar deposited into a bank account to determine exactly which funds were used for what transaction. *See United States v. Ward*, 197 F.3d 1076, 1083 (11th Cir. 1999) (citing *United States v. Cancelliere*, 69 F.3d 1116, 1119-20 (11th Cir. 1995)).  A conviction for conspiracy to commit money laundering can be sustained by circumstantial evidence.  *United States v. Frazier*, 605 F.3d 1271, 1282 (11th Cir. 2010).  The circumstantial evidence in this case would include the alleged unexplained spikes in infusions of cash.

c)  <u>The charts comply with Rule 1006.</u>

The two summary charts are permitted under Rule 1006.  As required per Rule 1006, the Government intends to make available for examination the voluminous underlying financial records that the charts summarize.  DE 196 at 9.  Defendants will have the opportunity to cross-examine the analyst who will introduce the charts,

and it will be up to the jury to decide what weight to give the charts and testimony. *Id.* at 12. Under these circumstances, the charts' admission into evidence is consistent with Rule 1006.

IV.    CONCLUSION

The two summary charts prepared by the Government's financial analyst are probative as to Defendants' motive for entering the alleged conspiracies. Money is fungible and admission of the charts into evidence does not require the Government to first trace each dollar deposited into the accounts to the alleged scheme. The charts also comply with Federal Rule of Evidence 1006. Accordingly, it is

ORDERED that Defendants' Motion *in Limine* to Exclude Summary Evidence [DE 181] is DENIED.

DONE AND ORDERED in Miami, Florida, this 18ᵗᵉ day of April, 2023.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record