UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-20303-SEITZ

UNITED STATES OF AMERICA,

vs.

KAREL FELIPE,
_____/

## MOTION FOR DOWNWARD DEPARTURE

COMES NOW Karel Felipe, by and through undersigned counsel and moves this Honorable Court for Downward Departure pursuant §4A1.3(b)(1) and §5K2.0(a)(1)(A) and states:

1. Karel Felipe's criminal history category substantially over represents the seriousness of his criminal history and the likelihood that he will commit other crimes. Mr. Felipe's score of 5 criminal history points places him at category 3 of the guidelines based on a 2011 conviction for cultivating marijuana which netted him 3 points and 1 point each for possession of methamphetamine in 2018 and cocaine in 2021. Mr. Felipe has several unscored traffic related offenses typical of individuals with severe drug addictions. It should be noted that at trial the leader of the conspiracy, Alberto Gonzalez Delgado, told the jurors that he introduced Mr. Felipe to methamphetamine and got him addicted to the drug. Since 2014 Mr. Felipe has been the sole custodian of the children from his first marriage and the child born of his second marriage. Despite his drug addiction, he continued to work hard labor and support his children in his home. Mr. Felipe violated his pretrial release by testing positive for methamphetamine and marijuana on at least 12 occasions. The Honorable Judge Cooke believed in Mr. Felipe and her belief was ultimately justified. She screamed at him, she talked to him, she implored him, and she had

1

patience with him. As a result, Mr. Felipe has submitted 28 negative drug tests since April 2022, regained his driver's license, and got his first corporate job. At the time of his conviction, Mr. Felipe was free of drugs for a year and half, gained experience working at the Auto Zone, and had a valid driver's license for the first time in decades. The hard work of mentoring Mr. Felipe into a sober, law-abiding citizen was done by Judge Cooke and has produced a man that comes before the court as a responsible father with a driver's license, a successful stint as an employee and 18 months of clean drug tests. The leader of this conspiracy, Felipe's former brother-in-law Alberto Gonzalez-Delgado, introduced Mr. Felipe to this insidious addiction, employed him at hard labor, didn't pay him, and then pointed the finger at him at trial. Mr. Felipe broke relations with him since 2017 and will not ever associate with him or any other co-defendant again. The compelling conclusion is that Mr. Felipe's addiction has been contained and the prospect of future criminal behavior unlikely. Convictions for theft from others would have produced the same criminal history even though theft is a much more serious offense. For these reasons a category 3 designation for his involvement in drugs seriously over represents the seriousness of Mr. Felipe's criminal history and the likelihood that he will reoffend. Section 4A1.3(b)(1) provides for downward departures when criminal history over-represents the seriousness of the history and the likelihood of future criminal behavior. Considering his minor unsophisticated participation in the offense, the drug nature of his previous convictions, the fact that the government's main witness addicted Mr. Felipe, and considering that Mr. Felipe has had no contact with the co-defendants for 6 years, the Court should adjust downward to account for the overrepresentation of Mr. Felipe's past drug offenses.

      Karel Felipe respectfully requests the Court depart from the guidelines because the loss amount over represents Mr. Felipe's involvement in the offense. According to the government's

cooperating witnesses Mr. Felipe was functionally illiterate, with serious drug and behavior problems.  He failed at the writing of numbers on checks and couldn't answer the phone because of his lack of English and unpolished communication skills.  The central allegation of his work for the conspiracy was delivering a sealed envelope to a mailbox outside of Miami.  Mr. Felipe is alleged to have participated with the co-conspirators in July of 2017 and thereafter broke relations with them.  There is no evidence that Mr. Felipe was included in the decisions relating to billing, computerizing the theft, or obtaining patients to steal from.  Under these facts, any loss of amount will wildly overrepresent Mr. Felipe's participation.  See the example of co-defendant Jeffrey Avila who received a sentence of time served and supervised release.  According to the PSR paragraphs 33 and 52, Mr. Avila transported checks issued to nominee owners and to the shell companies that were used to facilitate the movement of money through layered transactions of more senior members of the organization.  In addition to acting as courier for the shell companies, Mr. Avila met with the co-conspirators to collect and drop off cash that was obtained from ATMs and distributed in paper bags.  He also assisted his co-conspirators in avoiding detection by obtaining multiple telephones and wireless hotspots.  For these physical courier acts, Mr. Avila was held responsible for a loss amount of $100,000 and given a sentence of supervised release.  Mr. Felipe delivered a sealed envelope to a mailbox and is therefore responsible for $57 million and a suggested sentence of 17 years.  These radical differences in sentences for similar and even more culpable conduct show the structural inaccuracies of the guidelines in this case and the difficulty in assigning a just loss amount to each defendant.  While there is no doubt that the main players in this conspiracy stole $93 million, everyone else has been slotted based on criteria that has not been logically applied to similar conduct.  Mr. Felipe didn't write or read the letter, nor did he receive the money obtained from Medicare because of

it. Section 5K2.0(a)(1)(A) permits downward departures if the Court finds that there exists a mitigating circumstance of a kind or a degree – not taken into consideration by the Sentencing Commission and/or should result in a sentence different from that described.

Clearly Mr. Felipe's lack of sophistication and knowledge, and the fact that the government convicted him with the aid of a deliberate ignorance instruction, suggests the calculation of loss amount does not accurately reflect Mr. Felipe's participation and hugely over represents it. Accordingly, the remedy left to the court is to depart downward from the guidelines.

I HEREBY CERTIFY that a true and correct copy of the foregoing was provided to the office the U.S. Attorney and all relevant parties hereto via the CM/ECF system this date.

Respectfully submitted,

JUAN DE JESUS GONZALEZ, LAWYER, PA
For Karel Felipe
2460 SW 137 Avenue, Suite 254
Miami, FL 33175
Cell: 786-486-9708
Off: 305-596-4500
Fax: 305-596-4515
JuanGonzalezLaw@aol.com
***Juan de Jesus Gonzalez***

Florida Bar No. 371904